UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY LAKIETH DAVIS,

    Petitioner,                                 CASE NO. 4:15-CV-13279
                                                         HON. TERRENCE G. BERG

v.

JEFFREY WOODS,

    Respondent,

_____/

**<u>ORDER (1) GRANTING PETITIONER'S MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS, (2) THAT THE AMENDED PETITION (Dkt. # 7) AND THE MOTION TO AMEND THE PETITION (Dkt. # 6) BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND (3) GRANTING RESPONDENT TIME TO FILE AN ANSWER TO THE AMENDED PETITION FOR WRIT OF HABEAS CORPUS.</u>**

      Petitioner filed a petition for writ of habeas corpus with this Court on September 15, 2015, seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se,* petitioner challenged his conviction for first-degree criminal sexual conduct. On September 25, 2015, Magistrate Judge R. Steven Whalen signed an order of deficiency, indicating that petitioner's habeas application was deficient because it did not include copies of the petition to serve upon respondent and the Michigan Attorney General. Petitioner was given until October 26, 2015 to provide service copies of the petition or the case would be dismissed.

      On October 5, 2015, petitioner filed what he labeled an "Amended Petition for Writ of Habeas Corpus." [Dkt. 7]. A review of this petition, however, and the

corresponding documentation shows that this petition is identical to the original petition and appears to be merely the service copies of the original petition that petitioner was directed to provide to the Court.

On October 9, 2015, petitioner filed a motion to amend the petition [Dkt. # 6], in which he seeks to add additional documents and exhibits in support of the claims raised in his original petition.

For the reasons stated below, the motion to amend the petition for writ of habeas corpus is **GRANTED.**  The Court will further order the Clerk of the Court to serve a copy of the amended petition for writ of habeas corpus and the motion to amend the petition upon the Respondent and the Michigan Attorney General.  The Court will also grant respondent one hundred and eighty (180) days to respond to the amended petition for writ of habeas corpus, as well as to file the Rule 5 materials.

## DISCUSSION

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *See Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed. R .Civ. P. 15.  Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *See Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998).  A motion to amend a habeas petition may be denied when it has been unduly delayed and when allowing the motion would prejudice the nonmovant. *See Smith v. Angelone*, 111 F. 3d 1126, 1134 (4th Cir. 1997)(internal citations ommitted).

However, delay by itself is not sufficient to deny a motion to amend. *Coe*, 161 F. 3d at 342.

The Court will permit petitioner to file his amended habeas petition. As mentioned above, the amended petition appears merely to consist of service copies of the original petition that petitioner was required to file so that service could be affected upon respondent and the Michigan Attorney General. Petitioner's proposed motion to amend the habeas petition supplements the exhibits in support of the original petition and is neither unduly delayed, nor would its filing unduly prejudice respondent. Accordingly, this motion to amend should be granted. *See Riley v. Taylor*, 62 F. 3d 86, 92 (3rd Cir. 1995).

The Court will further order that the Clerk of the Court serve a copy of the Amended Petition for Writ of Habeas Corpus filed October 5, 2015 [Dkt. # 7], the Motion to Amend the Petition For Writ of Habeas Corpus filed October 9, 2015 [Dkt. # 6], and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* 2005 WL 1861943, * 2 (E.D. Mich. August 2, 2005).

The Court will also order the Respondent to file a response to the amended habeas petitions within one hundred and eighty days (180) of the Court's order. This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to Petitioner's habeas petition. *See Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243. The Court will

also order respondent to provide this Court with the Rule 5 materials at the time that it files its answer.

Finally, the Court will give petitioner forty five days from the receipt of the respondent's answer to file a reply brief to the respondent's answer, if he so chooses. *See Baysdell v. Howes,* No. 2005 WL 1838443, * 4 (E.D. Mich. August 1, 2005).

## CONCLUSION

**IT IS HEREBY ORDERED** that the Clerk of the Court serve a copy of the amended petition for writ of habeas corpus filed on October 5, 2015 [Dkt. # 7], the motion to amend the petition for writ of habeas corpus filed October 9, 2015 [Dkt. # 6], and a copy of this Order on respondent and the Attorney General by first class mail.

**IT IS FURTHER ORDERED** That Respondent shall be given one hundred and eighty (180) days from the date of this order to file a responsive pleading.

**IT IS FURTHER ORDERED** that Petitioner shall have forty five days after the answer is filed to submit a reply brief.

s/Terrence G. Berg  
TERRENCE G. BERG  
UNITED STATES DISTRICT JUDGE

Dated:  February 8, 2016

## Certificate of Service

I hereby certify that this Order was electronically submitted on February 8, 2016, using the CM/ECF system, which will send notification to each party.

By:  s/A. Chubb  
Case Manager

4