**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEFFREY LAKIETH DAVIS,

Petitioner,

v.

Case No. 4:15-CV-13279
HONORABLE TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

JEFFREY WOOD,

Respondent.

_____________________________________/

**OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS; (2) A CERTIFICATE OF APPEALABILITY; AND (3) LEAVE TO APPEAL *IN FORMA PAUPERIS***

Jeffrey Lakieth Davis, ("petitioner"), confined at the Michigan Reformatory in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a). For the reasons stated below, the application for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

## I. Background

Petitioner was charged with two counts of first-degree criminal sexual conduct based on allegations he had sexually penetrated a child under the age of thirteen. Petitioner pleaded guilty to one count of first-degree criminal sexual conduct, in exchange for dismissal of the second count. The prosecutor placed the terms of the agreement on the record:

> MS. GLENN [the prosecutor]: The People agree to dismiss Count II, in exchange for a guilty plea to Count I. We agree to a guidelines

> sentence. This is a mandatory minimum of twenty-five years. There are no other conditions or agreements in this matter.
>
> THE COURT: Have you computed the guidelines yet?
>
> MS. GLENN: Your Honor, I have them from Pretrial Services preliminarily at 135 months, to 225 months. I did look over them, and they appear to be correct.
>
> THE COURT: There has to be a minimum of twenty-five years?
>
> MS. GLENN: That's correct, Your Honor.
>
> (Tr. 8/4/11, 2-3).

The judge then asked petitioner if he understood he was being charged with first-degree criminal sexual conduct, that the charge carried a maximum life sentence, and "[t]here is a mandatory minimum of twenty-five years, along with electronic monitoring, and you'll do that as well." Petitioner replied, "Yes." (*Id.,* pp. 4-5). Petitioner affirmed that the prosecutor accurately stated the terms of the plea agreement and that there were no other terms of the agreement that had not been disclosed on the record. (*Id.,* p. 4).

At sentencing, the following exchange took place:

> MR. SIMMONS [defense counsel]: We've reviewed the probation report. It's factually correct, Your Honor. There isn't much discretion available in this matter.
>
> THE COURT: There's an agreement by the People for a guidelines sentence.
>
> MR. SIMMONS: Your Honor, except the guidelines are not applicable in this case.
>
> THE COURT: It's a minimum twenty-five years.
>
> MR. SIMMONS: That's correct, Judge.

(Tr. 8/19/11, p. 2).

The trial court then sentenced petitioner to 30 to 50 years' imprisonment. (*Id.*, p. 4).

Petitioner's first appellate counsel, Arthur Landau, filed a motion to withdraw the plea, on the ground that the judge and the prosecutor agreed to a minimum sentence of 25 years, which the judge exceeded when sentencing petitioner to 30 to 50 years in prison. (Tr. 1/13/12, pp. 3-7). The judge ordered an evidentiary hearing on the claim. (*Id.*, pp. 8-11).

An evidentiary hearing was conducted on February 24, 2012. Petitioner testified that he was told that the minimum sentence was going to be twenty-five years in prison and was never advised that he could receive a minimum sentence that was greater than that. Petitioner recalled the prosecutor stating at the plea hearing that "we agree to a guidelines sentence, this is a mandatory minimum of twenty-five years." (Tr. 2/24/12, pp. 4-6). Petitioner claimed that his plea was induced by representations that he would receive a twenty-five year minimum sentence. Petitioner testified that if he had been told that the minimum sentence was going to be greater than twenty-five years, he would not have pleaded guilty. (*Id.,* pp. 9-10).

Appellate counsel argued that petitioner should be permitted to withdraw his plea, because it was induced by a promise that he would receive a twenty-five year minimum sentence. (*Id.*, pp. 27, 29-30). The judge denied the motion to withdraw the plea. (*Id.,* pp. 34-37).

Petitioner's appellate counsel filed an application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Davis,* Case No. 308922 (Mich.Ct.App. May 9, 2012).

Petitioner filed an application for leave to appeal to the Michigan Supreme Court. In lieu of granting leave to appeal, the Michigan Supreme Court remanded the matter to the Michigan Court of Appeals "for consideration on leave granted." *People v. Davis*, 493 Mich. 873, 821 N.W.2d 573 (2012).

On remand, a new attorney, Phillip D. Comorski, was appointed to represent petitioner on appeal. Mr. Comorski filed an appeal brief, in which he argued that the trial court erred in denying petitioner's motion to withdraw the guilty plea where petitioner had been lead to believe that his minimum sentence would be no greater than twenty-five years and that trial counsel was ineffective for advising petitioner that his sentence would be no greater than twenty-five years if he pleaded guilty.

The Michigan Court of Appeals held that petitioner's plea was involuntary because he had been misled by the prosecutor and the trial judge that his minimum sentence would not exceed twenty-five years. The Michigan Court of Appeals remanded the matter to the trial court for petitioner to be re-sentenced to twenty-five to fiftyyears in accordance with the original plea agreement. *People v. Davis*, Case No. 308922, 2014 WL 2536988 (Mich. Ct. App. June 5, 2014). Petitioner filed an application for leave to appeal, which was denied. *People v. Davis,* 498 Mich. 864, 866 N.W.2d 415 (2015).

On July 10, 2014, petitioner was re-sentenced by the trial court to twenty-five to fifty years, in accordance with the original plea and sentencing agreement. (Tr. 7/10/14, pp. 2-3).

Petitioner appealed his re-sentencing but was denied relief. *People v. Davis,* No. 325436 (Mich.Ct.App. Feb. 19, 2015); *lv. den.* 498 Mich. 867, 866 N.W. 2d 451 (2015).

In his original and amended petitions, petitioner seeks habeas relief on the following grounds:

> I. The court erred in denying the petitioner's motion to withdraw his guilty plea where the record reveals that he was sentenced to a thirty year minimum term, notwithstanding the fact that, at the time of the plea, Petitioner was informed that he was pleading guilty to a charge that carried a twenty-five year mandatory minimum sentence, which also included a prosecutorial "agreement" to a minimum sentence within a sentencing guidelines range of 135-225 months.
> II. The trial court erred in denying the petitioner's motion to withdraw his plea, after he was not given leniency, and it was placed on the record that he would receive it, by the court and the prosecutor.
> III. The petitioner was denied the effective assistance of counsel in violation of the state and federal constitutional right to counsel, where trial counsel erroneously advised him that he would be sentenced to a to twenty-five year mandatory minimum sentence. Davis relied on this misadvice in deciding to enter a plea of guilty.
> IV. The petitioner suffered ineffective assistance of appellate counsel for counsel's failure to meet or consult with petitioner about filing appeal and brief.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the

> merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. A habeas petitioner should

be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

## III. Discussion

### A. Claims 1, 2, and 3. The involuntary plea/ineffective assistance of trial counsel claims.

Petitioner claims that his guilty plea was involuntary because it was induced by false promises made by the judge and/or the prosecutor. Petitioner further contends that his trial counsel was ineffective for advising him that the minimum sentence would be twenty-five years, which induced petitioner to plead guilty.

Initially, the Court observes that petitioner has no federal constitutional right to withdraw his guilty plea. *See Hynes v. Birkett,* 526 Fed. App'x. 515, 521 (6th Cir. 2013). Unless a petitioner's guilty plea otherwise violated a clearly-established constitutional right, whether to allow the withdrawal of a habeas petitioner's guilty plea is discretionary with the state trial court. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005).

A guilty plea entered in state court must be voluntarily and intelligently made. *See Shanks,* 387 F. Supp. 2d at 749; *Doyle v. Scutt,* 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004) (both citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)). In order for a plea of guilty to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that can be imposed for the

crime for which he or she is pleading guilty. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn the state court's findings. *Id.*

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper, that is, promises that have no proper relationship to the prosecutor's business (i.e. bribes). *Id.*

Petitioner initially claims that his guilty plea was involuntary because the judge originally sentenced him to thirty to fifty years in prison, breaching the agreement that petitioner would be sentenced to no more than twenty-five years as the minimum sentence.

A prosecutor's breach of the terms of a plea agreement does not retroactively cause the defendant's guilty plea, when it was entered, to have been unknowing or involuntary. In fact, it is precisely because a defendant's guilty plea was knowing and voluntary that the prosecutor is required to uphold its side of a plea bargain. *See Puckett v. U.S.,* 556 U.S. 129, 137-38 (2009). The appropriate remedy for the government's breach of a plea agreement is either specific performance of the agreement or an opportunity to withdraw the plea. *See Santobello v. New York*, 404 U.S. 257, 263 (1971). However, the appropriate remedy for the breach of a plea agreement lies within the trial court's discretion. *See Santobello*, 404 U.S. at 263; *see also Peavy v. United States*, 31 F.3d 1341, 1346 (6th Cir. 1994) (the choice between the two remedies of specific performance or plea withdrawal is not up to the defendant but rests instead with "the sound discretion" of the trial court.).

In the present case, the Michigan Court of Appeals agreed that petitioner had been misled into believing that he would receive no more than twenty-five years as the minimum sentence if he pleaded guilty, and ordered that petitioner be re-sentenced to twenty-five to fifty years. On remand, petitioner was re-sentenced to twenty-five to fifty years in prison. Petitioner is unable to show that he was prejudiced by the original breach because the trial judge re-sentenced him to twenty-five to fifty- years in prison, thereby upholding the terms of the original plea agreement. Under the circumstances, the breach of the plea agreement did not prejudice petitioner, so as to allow him to withdraw his plea. *See U.S. v. Keller,* 665 F. 3d 711, 714-15 (6th Cir. 2011) (defendant's substantial rights had not been

affected by government's plain error in arguing for sentence that exceeded range previously determined according to terms of plea agreement, since court sentenced defendant only to upper limit of agreed range, his sentence was lower than that anticipated by plea agreement at time that he signed it, and his sentence did not exceed upper limit of presentence report calculation which, when adopted by court, became new agreed range).

In his related third claim, petitioner claims that his plea was involuntary because his trial counsel misled him into believing that he would be sentenced to twenty-five years in prison on the first-degree criminal sexual conduct charge, when in fact, the judge initially sentenced him to thirty years on the minimum sentence. However, Petitioner's claim has been mooted by the fact that he was re-sentenced to twenty-five to fifty years in prison.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III of the Constitution. *See Ayers v. Doth,* 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999). "[M]ootness results when events occur during the pendency

of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F. 2d 1286, 1289 (6th Cir. 1986).

The Michigan Court of Appeals ordered that petitioner be resentenced to twenty-five to fiftyyears, and petitioner, in fact, has been resentenced accordingly; petitioner's ineffective assistance of counsel claim is thus now moot. *See U.S. v. Jones,* 489 F. 3d 243, 255 (6th Cir. 2007).

Petitioner also appears to argue that his plea was involuntary because he was led to believe by the prosecutor and/or the judge that his minimum sentence would be within the sentencing guidelines range of 135-225 months.[1] An unfulfilled state promise obtained in return for a guilty plea will entitle a habeas petitioner to habeas relief. *Myers v. Straub,* 159 F. Supp. 2d 621, 627 (E.D. Mich. 2001). Moreover, any promises made by a judge in the course of a guilty plea colloquy operate as a promise made by the state in exchange for a defendant's waiver of rights and guilty plea. *See Spencer v. Superintendent, Great Meadow Correctional Facility,* 219 F. 3d 162, 168 (2nd Cir. 2000). However, a federal court sitting in habeas review should not "lightly find misrepresentation in a plea agreement." *Myers,* 159 F. Supp. 2d at 627.

Absent extraordinary circumstances, or some other explanation as to why a defendant did not reveal other terms when specifically asked to do so by the trial court, a plea agreement consists of the terms revealed in open court, where the trial

[1] Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255, n. 7; 666 N.W. 2d 231 (2003)(citing Mich. Comp. Laws § 769.34(2)). The maximum sentence is not determined by the trial judge but is set by law. *See People v. Claypool,* 470 Mich. 715, 730, n. 14; 684 N.W. 2d 278 (2004)(citing Mich. Comp. Laws § 769.8).

court scrupulously follows the required procedure for taking the defendant's plea. *Baker v. United States*, 781 F. 2d 85, 90 (6th Cir. 1986). Because a plea bargain is contractual in nature, it would violate established contract law principles to permit a defendant to attempt to prove that a plea agreement is otherwise than it unambiguously appears on a thorough record. *Id.* Plea agreements are to be strictly construed. *See United States v. Brummett,* 786 F. 2d 720, 723 (6th Cir. 1986). A term of a plea agreement "that is unambiguous on its face and agreed to by the defendant in open court will be enforced." *McAdoo v. Elo,* 365 F. 3d 487, 497 (6th Cir. 2004). Moreover, "[T]he United States Constitution does not require judges to explain the meaning of ...unambiguous terms during the plea colloquy in order to combat alleged misinformation that is not revealed on the record." *Id.*

In the present case, the prosecutor indicated that she agreed to a sentence within the sentencing guidelines range, but further noted that the first-degree criminal sexual conduct charge carried a mandatory minimum twenty-five year sentence. The judge clarified on the record that the first-degree criminal sexual conduct charge that petitioner was pleading guilty to carried a mandatory minimum twenty-five year sentence. Petitioner indicated on the record that he understood that he was facing a mandatory minimum twenty-five year sentence and that no other promises had been made to induce his plea. A "clear reading" of the plea agreement shows that there was no promise by the prosecutor or the trial judge that petitioner would receive a minimum sentence within a sentencing guidelines range of 135-225 month. Petitioner has therefore failed to show that the original

terms of the plea agreement were breached by the prosecutor or the trial judge. *Myers,* 159 F. Supp. 2d at 628. Moreover, even if this condition of the plea agreement was ambiguously worded, this would not entitle petitioner to habeas relief. "No U.S. Supreme Court opinion has held that all conditions promised in a plea bargain must be communicated to a defendant unambiguously." *Id.* at 627 (citing *Mask v. McGinnis*, 252 F.3d 85 (2nd Cir. 2001)).

In light of the fact that petitioner was advised by the trial judge on the record that he faced a mandatory minimum 25 year prison sentence, petitioner has failed to show that he reasonably believed that he would receive a minimum sentence of 135-225 months by pleading guilty. *McAdoo,* 365 F. 3d at 497. Because the trial court judge clearly indicated that petitioner faced a mandatory minimum twenty-five year prison sentence, petitioner is unable to show that the trial court breached the sentencing agreement or that petitioner had any reasonable belief that he would be sentenced to 135-225 months in prison. *See Wright v. Lafler,* 247 Fed. App'x. 701, 705-07 (6th Cir. 2007). Finally, although petitioner claims that he understood the plea agreement to guarantee him a sentence within the guidelines range of 135-225 months, habeas relief should not be granted by crediting a petitioner's subjective version of his understanding of the plea bargain. *See Nichols v. Perini*, 818 F. 2d 554, 558-59 (6th Cir. 1987); *see also Doughty v. Grayson,* 397 F. Supp. 2d 867, 881-82 (E.D. Mich. 2005). Accordingly, petitioner is not entitled to habeas relief on his first, second, and third claims.

**B. Claim 4. The ineffective assistance of appellate counsel claim.**

Petitioner contends that he was denied the effective assistance of appellate counsel because neither of his appellate attorneys visited with him in prison or otherwise consulted with him. [2]

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The Supreme

[2] Respondent contends that petitioner's fourth claim was never exhausted with the state courts. A habeas petitioner's failure to exhaust his or her state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). An unexhausted claim may be addressed if the unexhausted claim is without merit, such that addressing the claim would be efficient and would not offend the interest of federal-state comity. *Prather v. Rees,* 822 F. 2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2)(habeas petition may be denied on the merits despite the failure to exhaust state court remedies). In these circumstances, a federal court should dismiss a non-federal or frivolous claim on the merits to save the state courts the useless review of meritless constitutional claims. *Cain v. Redman*, 947 F. 2d 817, 820 (6th Cir. 1991). Because petitioner's fourth claim lacks merit, in the interests of efficiency and justice, the Court will address the claim, rather than dismiss the petition on exhaustion grounds. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).

Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009). The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

Petitioner essentially contends that he was constructively denied the assistance of counsel on appeal because his appellate counsel never visited him in prison to discuss potential appealable issues with him nor called or wrote him more frequently.

The Supreme Court has held that the "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Strickland,* 466 U.S. at 692. However, in order for a presumption of prejudice to arise based on an attorney's failure to test the prosecutor's case, so that reversal based on ineffective assistance of counsel is warranted without any inquiry into prejudice, the attorney's failure to test the prosecutor's case "must be complete." *Bell v. Cone,* 535 U.S. 685, 697 (2002). The presumption of prejudice extends to the denial of counsel on appeal. *Penson v. Ohio*, 488 U.S. 75, 88 (1988). However, a case in which a defendant is denied counsel on appeal "is unlike a case in which counsel fails to press a particular argument on appeal...or fails to argue an issue as effectively as he or she might." *Penson,* 488 U.S. at 88 (internal citation omitted). Thus, although the denial of counsel altogether on appeal warrants a presumption

of prejudice, mere ineffective assistance of counsel on appeal does not. *Smith v. Robbins,* 528 U.S. 259, 286 (2000).

In the present case, petitioner's first appellate counsel filed a motion to withdraw the plea in the trial court, preserving petitioner's guilty plea claim. Petitioner's second appellate counsel was able to obtain relief from the Michigan Court of Appeals – an order of remand ordering the trial judge to reduce the sentence from thirty to fifty years to twenty-five to fifty years. Petitioner's appellate counsel thus obtained a five year sentence reduction for him. To the extent that petitioner alleges that appellate counsel should have argued that the sentencing judge breached an agreement to impose a sentence of 135 to 225 months in prison, as stated above, there was no such agreement. Because the trial judge did not breach the terms of any such plea agreement, appellate counsel was not ineffective in failing to move for the withdrawal of petitioner's guilty plea on this basis. *See United States v. Martin,* 45 Fed. App'x. 378, 381-82 (6th Cir. 2002).

Appellate counsel did correspond with petitioner by mail. Even assuming that appellate counsels' failure to visit petitioner in prison to consult with him and get his input on potential issues was somehow derelict, petitioner would still be required to show prejudice from this deficiency to obtain relief. In the case cited by petitioner, *Franklin v. Anderson,* 434 F.3d 412 (6th Cir. 2006), the Sixth Circuit applied the *Strickland* standard regarding a petitioner's claim that appellate counsel had been ineffective for failing to visit the petitioner in prison to consult with him about the issues for appeal, but did not presume prejudice based on the

failure to visit. *Id.,* 428-31. The Sixth Circuit has also applied the *Strickland* standard in evaluating and rejecting an ineffective assistance of trial counsel claim based upon counsel's failure to consult with a habeas petitioner. *See Bowling v. Parker,* 344 F. 3d 487, 506 (6th Cir. 2003) (trial attorneys' alleged failure to consult with defendant did not prejudice defendant in capital murder case, and thus could not amount to ineffective assistance, although attorneys allegedly met with defendant for less than one hour in preparing defense, where defendant failed to show how additional consultation with his attorneys could have altered outcome of trial).

Petitioner has failed to show that he was prejudiced by appellate counsels' failure to visit, thus, he is not entitled to relief on his fourth claim.

**C. The motions for an evidentiary hearing and for the appointment of counsel.**

Petitioner moved for an evidentiary hearing and for the appointment of counsel.

A habeas petitioner is not entitled to an evidentiary hearing on his or her claims if they lack merit. *See Stanford v. Parker,* 266 F. 3d 442, 459-60 (6th Cir. 2001). A habeas petitioner's request for the appointment of counsel should also be denied if the petition is without merit. *See Lemeshko v. Wrona,* 325 F. Supp, 2d 778, 787 (E.D. Mich. 2004). Petitioner's claims are without merit; the motion for an evidentiary hearing and for the appointment of counsel is denied.

## IV. Conclusion

For the reasons set forth above, the Court **DENIES** the petition for writ of habeas corpus. The Court will also **DENY** a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Dell v. Straub,* 159 F. Supp. 2d 629, 659 (E.D. Mich. 2002). The Court will also **DENY** petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, **IT IS ORDERED** that the Petition for a Writ of Habeas Corpus is **DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the motion for an evidentiary hearing and for the appointment of counsel (Dkt. 17) is **DENIED**.

**IT IS FURTHER ORDERED** That a Certificate of Appealability is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: October 31, 2016

**Certificate of Service**

I hereby certify that this Order was electronically submitted on October 31, 2016, using the CM/ECF system, which will send notification to each party, and sent to unrepresented parties via postal mail.

s/A. Chubb
Case Manager